UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-243 -J6

UNITED STATES OF AMERICA

vs.

DELVIN DEMANDER THOMAS,

   Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __x__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __x__ No

                    Respectfully submitted,

                    WIFREDO A. FERRER
                    UNITED STATES ATTORNEY

              BY:   _____
                    BREEZYE TELFAIR
                    SPECIAL ASSISTANT U.S. ATTORNEY
                    Bar No. 1805;
                    99 N.E. 4th Street
                    Miami, Florida 33132-2111
                    TEL (305) 961-9168
                    FAX (305) 536-4699

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>DELVIN DEMANDER THOMAS,<br>*Defendant(s)* | )<br>)<br>)  Case No. 15-2431-SG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 2, 2013/January 8, 2015 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(e) | Delvin Demander Thomas, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1), and Title 18, United States Code, Section 924(e). |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Javier Ribas, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/01/2015

_____
*Judge's signature*

City and state: Miami, Florida

Jonathan Goodman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Your Affiant, Javier Ribas, being duly sworn, deposes and states as follows:

I, Javier Ribas being duly sworn, depose, and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since February of 2008. I am currently responsible for the investigation of Federal laws, including criminal firearms violations. Prior to becoming a Special Agent with ATF, I was a Deputy United States Marshal from 2004 until 2008. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein. This affidavit is submitted in support of the issuance of a criminal complaint against Delvin Demander THOMAS for possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). Because this affidavit is limited to the facts necessary to establish probable cause, it does not contain all the facts known to me about the investigation.

2. On December 2, 2013, Miami-Dade homicide detectives responded to a shooting in Opa-Locka, Florida. During the course of the investigation, detectives learned one person was killed and another person was wounded. The shooting occurred near Opa-Locka City Hall at a time when several police officers were in the area. Opa-Locka police were able to give a description of the vehicle the shooter was traveling inside, as well as provide the direction of travel. Homicide detectives were able to gain access to surveillance video from nearby businesses. On the surveillance video, around the time of the shooting, two men are seen running towards the "back blues" apartment complex. The shorter of the

two men is captured on video throwing a firearm. Police later recovered an AR-15 assault rifle from the same location captured on video. Additional surveillance video showed the same two men scaling a wall. On video, your affiant saw the shorter of the two men run to a parked car and jump up on the vehicle in order to scale the wall, which was parked closed to the wall. In the video the shorter of the two men placed his hand on the hood of the vehicle. Crime Scene processed the hood and discovered THOMAS' fingerprints.

3. Approximately two hours after the homicide, police received a tip that two men associated with the shooting were inside an Opa-Locka apartment. Police located the two men and the surviving shooting victim was able to identify THOMAS and another male as the persons involved in the death of the homicide victim.

4. On December 2, 2013, police interviewed THOMAS but lacked probable cause to arrest him at the time. After police received the latent print results and realized THOMAS was the shorter male captured on surveillance video, an arrest warrant was issued for THOMAS' arrest on January 10, 2014.

5. On January 8, 2015, after searching for THOMAS for nearly a year, members of the United States Marshal Service Fugitive Task Force ("Marshals") were able to trace THOMAS to an apartment within 2063 Northwest 4th Court, in Miami, Florida. When the Marshals made entry into the home, THOMAS was observed sleeping on the couch. Within reach of THOMAS was a handgun.

6. In a post-*Miranda* statement, THOMAS admitted to being in possession of the handgun, and told police the handgun was for his protection. The handgun was analyzed and is a Glock Inc., model 26, 9mm caliber semi-automatic pistol, serial number PGC858. The

2

Glock was loaded with a high capacity magazine with the ability to hold 30 rounds of ammunition. Both the Glock firearm recovered on January 8, 2015 and the AR-15 assault rifle recovered on December 2, 2013 were manufactured outside the State of Florida and therefore traveled in interstate commerce.

7. A search of THOMAS' criminal history revealed that THOMAS has been convicted of the following felony offenses: armed burglary, Case No: 09-21495CFANO-1 (Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida); possession with intent to distribute cocaine, Case No: F08-019778A (Circuit Court of the Eleventh Judicial Circuit in and for Miami County, Florida); possession with intent to distribute cocaine, Case No: F08-019777B (Circuit Court of the Eleventh Judicial Circuit in and for Miami County, Florida).

8. Your Affiant has requested DNA standards from THOMAS to be used to compare THOMAS' DNA to the DNA collected from the AR-15 assault rifle and Glock.

((INTENTIONALLY LEFT BLANK))

9. Based on the aforementioned information and investigation, your affiant submits that there is probable cause to believe Delvin Demancer THOMAS possessed a firearm and ammunition on two separate dates (December 2, 2013 and January 8, 2015) after having previously been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1) and 924(e).

FURTHER AFFIANT SAYETH NAUGHT.

Javier Ribas, Special Agent, ATF

Subscribed to and sworn before me this 1st day of April 2015.

HONORABLE JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

4