UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 15-CR-20269-MOORE/ELFENBEIN

**UNITED STATES OF AMERICA**,

v.

**DELVIN DEMANDER THOMAS**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for an evidentiary hearing on June 7, 2024, upon a Second Superseding Petition for Offender Under Supervision (the "Second Superseding Petition"), ECF No. [64], as to Defendant, Delvin Demander Thomas ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on September 4, 2015, of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. [46]. He commenced supervision on May 13, 2022, and was scheduled to terminate supervision on May 12, 2025. ECF No. [64].

On July 11, 2022, the Court modified Defendant's conditions to include a requirement that he reside at and participate in a residential reentry center for a period not to exceed 120

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant Delvin Demander Thomas, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. ECF No. [66].

days, or until otherwise released by the Court, due to recent illegal drug use, consisting of marijuana on multiple occasions. *Id.* Thereafter, the Probation Officer notified the Court of further instances of noncompliance in the Petition for Warrant or Summons for Offender under Supervision ("Petition"), which the Court accepted, and it issued a Summons. ECF No. [49]. On September 23, 2022, Defendant appeared before the Court for his initial appearance on the Petition, he was released on bond, and the Federal Public Defender was appointed to represent him. ECF No. [51].

On October 27, 2022, the Court issued a warrant for Defendant based on the Superseding Petition and Request for Warrant for Offender under Supervision ("Superseding Petition") from the United States Probation Office, alleging that Defendant violated additional requirements of supervised release. *Id.* On April 4, 2024, the Defendant was arrested and appeared before the Court for his initial appearance on the Superseding Petition at which time the Federal Defender was reappointed. ECF No. [62]. Following a detention and probable cause hearing, the Court ordered the Defendant detained as a risk of flight and found probable cause on the violations in the Superseding Petition. ECF No. [65].

On April 5, 2024, the Court subsequently accepted the Second Superseding Petition, containing additional allegations of Supervised Release violations, and, on April 22, 2024, the Defendant had his initial appearance on the Second Superseding Petition. ECF No. [69]. The undersigned thereafter held multiple status conferences with the Parties and, at their request, scheduled this matter for an evidentiary hearing on June 7, 2024. ECF Nos. [71], [72], [73], and [74].

The violations alleged in the Second Superseding Petition are as follows:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 7, 2022, the defendant

submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Inc.

2. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 14, 2022, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Inc

3. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 22, 2022, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Inc.

4. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 30, 2022, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Inc.

5. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On October 12, 2022, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Inc.

6. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 12, 2022, in Miami-Dade County, Florida, the defendant committed the offense of Felon in Possession of a Firearm, contrary to Florida Statute 790.23, a Second-Degree felony.

7. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On October 17, 2022, the defendant was instructed to submit to scheduled drug testing and failed to do so.

8. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2024, in Miami-Dade County, Florida, the defendant committed the offense of Escape, contrary to Florida Statute 944.40, a Second-Degree felony.

9. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2024, in Miami-Dade County, Florida, the defendant committed the offense of Felon in Possession of a Firearm, contrary to Florida Statute 790.23(1), a

      Second-Degree felony.

10. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2024, in Miami-Dade County, Florida, the defendant committed the offense of Resisting Officer without Violence, contrary to Florida Statute 843.02, a First-Degree misdemeanor.

11. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2024, in Miami-Dade County, Florida, the defendant committed the offense of Armed Robbery with a Firearm or Deadly Weapon, contrary to Florida Statute 812.13(2)(A), a First-Degree felony.

12. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2024, in Miami-Dade County, Florida, the defendant committed the offense of Aggravated Battery with a Deadly Weapon, contrary to Florida Statute 784.045 (1)(A)2, a Second-Degree felony.

13. **Violation of Standard Condition**, by failing to notify the U.S. Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about October 12, 2022, the defendant was arrested by the Miami Dade Sheriff's Office, in Miami Dade County, Florida, and he failed to advise the U.S. Probation Officer.

14. **Violation of Special Condition**, by failing to participate in an approved substance abuse treatment program. On or about July 25, 2022; August 8, 2022, and August 29, 2022, the defendant failed to attend his scheduled appointment with Compass Health Systems, and to date has not participated in treatment as directed by the Court and monitored by the U.S. Probation Officer.

15. **Violation of Special Condition**, by failing to participate in the residential re-entry center. On or about August 29, 2022, the defendant was unsuccessfully discharged from the residential re-entry center for the use of alcohol and refusing to submit to a second sobriety test as instructed, in violation of the program's rules.

16. **Violation of Special Condition**, by failing to participate in an approved substance abuse treatment program. On or about October 14, 2022, the defendant was unsuccessfully discharged from Compass Health Systems, an outpatient substance abuse treatment program.

ECF No. [64].

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer David Ozoria, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. At the scheduled evidentiary hearing, the Parties informed the undersigned that an evidentiary hearing would be unnecessary as they reached a resolution and the Defendant wished to admit to violations 1 through 5, 7, and 13 through 16 of the Second Superseding Petition. ECF No. [79]. The Government further represented that it agreed to dismiss the remaining violations at the time of sentencing.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to violations 1 through 5, 7, and 13 through 16 in the Second Superseding Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose for these violations, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two years' imprisonment, followed by supervised release of up to three years, as set forth in 18 U.S.C. § 3583(b)(2). Defendant acknowledged that he understands the maximum penalties. Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to violations 1 through 5, 7, and 13 through 16 as charged in the Second Superseding Petition, ECF No. [64].

The Parties will have **FIVE (5) BUSINESS DAYS**[2] from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.  Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida on June 7, 2024.

*[signature: Marty FE]*

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
Hon. K. Michael Moore, U.S. District Judge
Counsel of Record

---

[2] At the change of plea hearing, counsel for the Defendant asked the undersigned to shorten the time period for objections to the Report and Recommendation in order to potentially expedite the date of the Defendant's sentencing.  The Government had no objection to the Defendant's request.  As a result, I have shortened the objections period to five business days.  *See Nadeau v. Condo Black Book, LLC*, No. 23-CV-21271, 2023 WL 3293038, *1 (S.D. Fla. May 5, 2023) (allowing three days for objections when the plaintiff's request for a temporary restraining order was ex parte); *MCM Entertainment, Inc. v. Diaz World Trade Group, Inc.*, No. 22-CV-23189, 2023 WL 2917752, *1 (S.D. Fla. Apr. 11, 2023) (shortening period of time to file objections when both parties agreed at the hearing to a truncated time period); *United States v. Leonard*, No. 18-CR-484, 2019 WL 4401264, *6, n. 3 (March 27, 2019) (giving the parties less than 14 days to file objections to the report and recommendation given the proximity of the trial date).